UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL WITKIN, | No. 2:15-cv-0638 MCE KJN P |
| Plaintiff, | |
| v. | ORDER |
| MARIANA LOTERSZTAIN, et al., | |
| Defendants. | |

Plaintiff is a state prisoner, proceeding pro se, with a civil rights action pursuant to 42 U.S.C. § 1983. On March 3, 2016, plaintiff filed a motion for an order requiring defendants to resubmit discovery and to modify the scheduling order. On March 15, 2016, plaintiff filed a motion for an impartial expert witness. As discussed below, plaintiff's motions are denied.

I. Request to Modify Scheduling Order

Plaintiff alleges that on February 17, 2016, plaintiff mailed out most of the pertinent discovery materials in an attempt to obtain counsel. Plaintiff alleges that his materials were "tampered with and desecrated by prison staff," and that upon receiving the materials back, a number of the "most critical pieces of discovery were missing." (ECF No. 24 at 1.) Plaintiff claims that without such documents he would be unable to prosecute this case, and seeks modification of the scheduling order to address this matter.

////

1

In support of his request, plaintiff provides his own declaration, as well as declarations from David Witkin, Crystal Strong, Julie Reece, and Jason Anderson, who are employed at the law firm of the Ellis Group, LLP. Witness David Witkin avers that the package, which appeared to have been opened and resealed, contained documents that had been soaked in a moist substance and reeked of urine. (ECF No. 24 at 7.) Strong, Reece, and Anderson averred that the documents appeared to be discolored, as if they were wet, or had been wet, and smelled of urine.

Defendants oppose plaintiff's request. Defendants aver that upon receipt of plaintiff's motion, despite their vehement opposition thereto, they prepared copies of, and re-sent, all of defendants' responses to plaintiff's discovery requests. Defendants contend that plaintiff fails to show good cause or why discovery needs to be re-opened two months after the discovery deadline expired. Defendants explained how prison legal mail is handled, confirming that correctional officers do not handle the mail in the mail room, and that if a package smells of urine or any other odd smell, the mailroom staff notifies the supervisor and the mail is not sent out. (ECF No. 25 at 3.) Nothing unusual was noted in the mail log regarding plaintiff's legal mailing. (Id.)

Further, counsel for defendants spoke with Crystal Strong, an administrative assistant to Mark Ellis, who stated that David Witkin, likely plaintiff's brother, works in the mailroom at Ellis Law Group, LLP, and that David Witkin called Strong and the other declarants into the mailroom to look at the documents. Counsel also spoke to Mark Ellis, the firm's management partner, who informed counsel that "the firm has never represented Mr. Witkin, Mr. Ellis has never been approached to represent Mr. Witkin, and the firm has no intention of representing Mr. Witkin." (ECF No. 25 at 3.) Defendants argue that plaintiff's claims are "rather suspect given that he was not actually seeking representation from Ellis Law Group, has sent his brother documents through the prison confidential mail system under the guise of Ellis Law Group being the intended recipient, has abused the confidential/legal mailing system to send correspondence to his non-attorney brother, and that people other than prison staff had access to the documents." (ECF No. 25 at 4.)

Plaintiff did not file a reply to defendants' opposition.

////

2

"The district court is given broad discretion in supervising the pretrial phase of litigation." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607 (9th Cir. 1992) (citation and internal quotation marks omitted). Rule 16(b) provides that "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "The schedule may be modified 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" Zivkovic v. Southern California Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting Johnson, 975 F.2d at 607).

Here, plaintiff has utterly failed to demonstrate good cause for the requested continuance. Defendants, in good faith, provided plaintiff with copies of previously provided discovery responses. Plaintiff's motion to extend the discovery deadline is denied.

II. Motion for Medical Expert

On March 15, 2016, plaintiff filed a motion for appointment of an impartial medical expert witness, pursuant to Rule 706 of the Federal Rules of Evidence, claiming that "this case turns on whether the facts alleged amount to a violation of the appropriate standard of care," and that "defendants have admitted all relevant facts." (ECF No. 26 at 2.) Plaintiff contends that the fact that defendants indicated on February 24, 2016, that they intend to present expert witness testimony in support of their motion for summary judgment demonstrates that plaintiff's case is "potentially meritorious," demonstrating that Rule 706's policy goal of accurate factfinding would be served by the appointment of an impartial expert.

First, plaintiff is mistaken that the issue turns on "standard of care," which courts address in evaluating negligence claims. In addressing Eighth Amendment medical claims, courts focus on whether the medical professionals were deliberately indifferent. "[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). This requires plaintiff to show (1) "a 'serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Id. (quoting McGuckin v. Smith,

3

1    974 F.2d 1050, 1059-60 (9th Cir. 1992) (citation and internal quotations marks omitted),

2    overruled on other grounds WMX Technologies v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en

3    banc)).

4       Deliberate indifference is established only where the defendant subjectively "'knows of

5    and disregards an excessive risk to inmate health and safety.'" Toguchi v. Chung, 391 F.3d 1051,

6    1057 (9th Cir. 2004) (emphasis added) (quoting Gibson v. County of Washoe, 290 F.3d 1175,

7    1187 (9th Cir. 2002)). Deliberate indifference can be established "by showing (a) a purposeful

8    act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the

9    indifference." Jett, 439 F.3d at 1096 (citation omitted).

10      Thus, plaintiff must adduce facts demonstrating that defendants acted with deliberate

11   indifference, rather than simply demonstrating the "standard of care."

12      Second, the court finds that plaintiff has failed to demonstrate that his case is of such

13   complexity that the judicial appointment of experts is necessary at this stage of the litigation. See

14   McKinney v. Anderson, 924 F.2d 1500 (9th Cir.) vacated on other grounds sub nom., Helling v.

15   McKinney, 502 U.S. 903 (1991) (district court may exercise its discretion to appoint an expert

16   under Rule 706). Rule 706 does not authorize the Court to finance for the plaintiff the

17   expenditure of expert witness fees. Federal Courts are not authorized or required to subsidize a

18   civil action for a plaintiff proceeding in forma pauperis. See 28 U.S.C. § 1915; Tedder v. Odel,

19   890 F.2d 210, 211 (9th Cir. 1989); United States v. MacCollom, 426 U.S. 317, 321 (1976).

20   Extraordinary circumstances have not been shown to require defendants to bear such an expense

21   or to authorize the use of non-appropriated funds at this time. See Geraldes v. Prebula, No. CIV-

22   S-01-211 LKK/EFB, 2012 WL 1355739 (E.D. CA April 18, 2012).

23   III. Conclusion

24      Accordingly, IT IS HEREBY ORDERED that:

25      1. Plaintiff's motion to modify the discovery and scheduling order (ECF No. 24) is

26         denied; and

27   ////

28   ////

2. Plaintiff's motion for the appointment of an expert witness (ECF No. 26) is denied without prejudice.

Dated: March 23, 2016

*[signature]*
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/witk0638.16b2