UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL AARON WITKIN,

Plaintiff,

v.

MARIANA LOTERSZTAIN, et al.,

Defendants.

No.  2:15-cv-0638 MCE KJN P

ORDER AND FINDINGS AND RECOMMENDATIONS

I.  Introduction

Plaintiff is a state prisoner, proceeding pro se and in forma pauperis.  Plaintiff seeks leave to amend, and filed a motion to defer ruling on defendants' motion for summary judgment, and a motion for leave to file a surreply.

As set forth more fully below, the undersigned grants plaintiff leave to file a surreply, and recommends that plaintiff's motion to amend and to defer ruling on the motion for summary judgment be denied, and plaintiff be granted an extension of time to file his opposition.

II.  Motion to Amend

A.  Legal Standard

Because defendants have filed an answer, Rule 15(a)(2) governs plaintiff's motion to amend, as follows:

////

1

**(2)** ***Other Amendments.*** In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed. R. Civ. P. 15(a)(2).  "Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'" <u>AmerisourceBergen Corp. v. Dialysis West, Inc.</u>, 465 F.3d 946, 951 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)); <u>accord</u> <u>Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma Cnty.</u>, 708 F.3d 1109, 1117 (9th Cir. 2013).  However, courts "need not grant leave to amend where the amendment:  (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in the litigation; or (4) is futile."  <u>AmerisourceBergen Corp.</u>, 465 F.3d at 951; <u>accord</u> <u>Sonoma Cnty. Ass'n of Retired Emps.</u>, 708 F.3d at 1117.  "'[P]rejudice to the opposing party carries the greatest weight.'"  <u>Sonoma Cnty. Ass'n of Retired Emps.</u>, 708 F.3d at 1117 (quoting <u>Eminence Capital, LLC v. Aspeon, Inc.</u>, 316 F.3d 1048, 1052 (9th Cir. 2003) (per curiam)).  Leave to amend "is properly denied . . . if amendment would be futile."  <u>Carrico v. City and Cnty. of San Francisco</u>, 656 F.3d 1002, 1008 (9th Cir. 2011) (citing <u>Gordon v. City of Oakland</u>, 627 F.3d 1092, 1094 (9th Cir. 2010)).  Further, "[a] party cannot amend pleadings to 'directly contradict an earlier assertion made in the same proceeding.'"  <u>Air Aromatics, LLC v. Opinion Victoria's Secret Stores Brand Mgmt., Inc.</u>, 744 F.3d 595, 600 (9th Cir. 2014) (quoting <u>Russell v. Rolfs</u>, 893 F.2d 1033, 1037 (9th Cir. 1990)).

      B. <u>Plaintiff's Original and Proposed Amended Complaints</u>

          *Original Complaint*

Plaintiff is 38 years old, and claims that he cannot sit or stand "without experiencing extremely severe pain."  (ECF No. 1 at 8-9.)  When housed at Pleasant Valley State Prison, plaintiff claims his doctor diagnosed plaintiff with a spinal injury resulting in nerve damage and prescribed nerve pain medication Oxycarbazepine, and told plaintiff that if his condition did not improve, he would need an MRI to determine why the pain is so severe.  (ECF No. 1 at 6.)

Plaintiff states the nerve pain medication provided limited relief, and his mobility was still impaired.  On September 7, 2012, plaintiff was transferred to California State Prison, Solano ("CSP-Solano").  Despite presenting with complaints of extreme pain, plaintiff contends that his

1   primary care physician at CSP-Solano, defendant Dr. Lotersztain, refused to prescribe adequate

2   pain relief, to perform an MRI to determine the etiology of plaintiff's pain, or to refer plaintiff to

3   an appropriate specialist.  In addition, at various appointments, plaintiff declares that defendant

4   Lotersztain has told plaintiff:  "I know you're in severe pain, but the thing is we're just not going

5   to spend any money to do anything about it."  (ECF No. 1 at 8, 9.)  Or, the pain is "part of being

6   in prison."  (ECF No. 1 at 9.)  On February 4, 2015, when plaintiff allegedly presented with

7   extremely severe pain, plaintiff claims Dr. Lotersztain acted exasperated, and immediately

8   declared that "I'm not gonna give you an MRI. . . . I know your mobility is impaired and I know

9   you're in a great deal of pain.  Look, I don't care, it[']s part of the penalty for your crimes."  (ECF

10   No. 1 at 10.)

11       Plaintiff also alleges that defendants Pfile and Kuersten denied plaintiff's administrative

12   appeals seeking pain relief, and failed to obtain medical treatment for plaintiff, despite having

13   knowledge that "extreme departures from the standard of care pervaded CSPS's medical services

14   operation."  (ECF No. 1 at 8.)  In one appeal, plaintiff notes that although staff claims plaintiff is

15   in exceptional physical fitness, they fail to address those times he was "completely immobilized

16   by his back injury and unable to get up off the floor, much less walk."  (ECF No. 1 at 20.)

17   Plaintiff claimed staff "never diagnosed the problem [or gave] a reasonable explanation for why

18   [plaintiff] has been suffering such severe pain at his fairly young age."  (Id.)

19       Plaintiff seeks declaratory and injunctive relief, as well as money damages for the alleged

20   violation of his Eighth Amendment rights, and includes various state law claims.  (ECF No. 1 at

21   4-5; 10-12.)  His request for injunctive relief was denied on November 12, 2015.  (ECF No. 19.)

22                    *Proposed Amended Complaint*

23       Like the original complaint, plaintiff alleges that defendants Lotersztain, Pfile and

24   Kuersten violated plaintiff's Eighth Amendment right to adequate medical care.  Plaintiff

25   provides additional factual allegations, including specific dates of treatment, but the gravamen of

26   plaintiff's claims remain the same.  Plaintiff seeks compensatory and punitive damages for the

27   alleged violation of his Eighth Amendment rights, including various state law claims.  (ECF No.

28   35 at 4-5, 20-21.)  However, plaintiff omitted his claims for declaratory and injunctive relief.

3

C. The Parties' Arguments

Plaintiff argues that all five factors weigh strongly in favor of amendment because the summary judgment motion was filed early in the litigation, the case is a year old, and the discovery period was only 100 days long. Plaintiff contends that his amended complaint corrects pleading deficiencies and he has not previously amended. Moreover, plaintiff argues that the scheduling order did not set a deadline for amending the pleadings; therefore, he contends that Rule 15(a) governs his motion. But even if Rule 16(b) controls, plaintiff argues that because he is proceeding pro se, defendants were advantaged because they were not required to disclose the declaration of their medical expert during discovery. Plaintiff contends that the medical expert's declaration, as well as the additional 100 pages of medical records, constitute newly-discovered evidence. Plaintiff argues that before seeing the medical expert's report, he did not appreciate the detailed factual allegations concerning medical encounters that his pleading should contain. Thus, plaintiff claims he has diligently sought leave to amend.

In opposition, defendants do not consent to amendment of the complaint, arguing that they have incurred great litigation costs in gathering discovery and preparing their dispositive motion on all of plaintiff's claims, and that further amendment at this late date would unfairly prejudice them by negating the resources expended to date. In addition, defendants contend that amendment would unduly delay the litigation, requiring screening of the amended complaint, a responsive pleading, reopening of discovery, and re-preparation of their dispositive motion. Defendants argue that plaintiff has had all medical records used in defendants' motion since January 2016, and contend that plaintiff's motion to amend could have been filed over four months ago, prior to the filing of the summary judgment motion.

Moreover, defendants contend that amendment is futile because the amended complaint does not add any new allegations or defendants, but merely enhances factual allegations and adds exhibits. Defendants argue that such factual contentions and exhibits can be used to oppose defendants' motion for summary judgment. Further, defendants argue that using these documents to amend does not strengthen plaintiff's case, but may subject him to a motion to dismiss or cause the amended complaint to be screened out because they demonstrate the medical findings do not

4

1    support plaintiff's claims.  Defendants contend that the exhibits in support of the amended

2    pleading "often contradict the allegations they are offered to support."  (ECF No. 36 at 3.)

3    Defendants do not argue that plaintiff is acting in bad faith.

4         In reply, plaintiff states that it is "unheard of" for a pro se prisoner litigant to proceed on

5    an original complaint, and that there is a "strong public policy permitting amendment."  (ECF No.

6    38 at 1.)  Plaintiff argues that defendants weakly resist plaintiff's assertion that their motion

7    introduced over 100 pages of new records, but do not deny that the four doctors' declarations

8    introduced new evidence.  Plaintiff contends that defendants' unsworn statement that there were

9    not 100 pages of newly discovered records appended to their motion is insufficient because it was

10   not made under penalty of perjury; thus, plaintiff argues that his sworn statement must be taken as

11   true.

12        Plaintiff argues that if, as defendants claim, the proposed amendment weakens plaintiff's

13   case, then defendants cannot be prejudiced by it.  Plaintiff states that both parties agree that Rule

14   15(a)(2) governs the amendment.  Plaintiff contends that plaintiff's amended complaint is his

15   good faith attempt to lay out the "actual facts" of the case.  Plaintiff claims that permitting the

16   amendment will not delay the proceedings at all.  Plaintiff argues that the case is a "mere 14

17   months old," and that the deadline for opposing the motion for summary judgment should not

18   change at all due to the amendment because any "enhanced" factual allegations can be addressed

19   by defendants in their reply.  Plaintiff argues that his amendment is not futile because the

20   proposed amended complaint includes new facts, based on new evidence introduced by

21   defendants, which plaintiff claims he can prove.  Plaintiff argues that amendment is only futile if

22   he can allege no facts that would state a cognizable claim.

23        D.  Discussion

24        *Bad Faith*

25        The first of the four relevant factors, bad faith, weighs slightly against granting leave to

26   amend or is neutral.  Where a party "[f]acing a summary judgment motion . . . s[eeks] to amend

27   its complaint to add causes of action on which discovery had not been undertaken," that fact

28   "might reflect bad-faith on the part of the" moving party.  <u>Lockheed Martin Corp. v. Network</u>

1   Solutions, Inc., 194 F.3d 980, 986 (9th Cir. 1999); see William W. Schwarzer, A. Wallace

2   Tashima & James M. Wagstaff, *Cal. Prac. Guide: Fed. Civ. Proc. Before Trial* ¶¶ 8:1511-12

3   (The Rutter Group 2014) (explaining that when the plaintiff "has had adequate opportunity for

4   discovery and defendant's motion for summary judgment is pending, leave to amend may be

5   denied unless plaintiff can produce 'substantial and convincing evidence' supporting the proposed

6   amendment" due to the possibility that the plaintiff "may simply be maneuvering to stave off

7   dismissal of the case") (quoting Cowen v. Bank United of Texas, FSB, 70 F.3d 937, 944 (7th Cir.

8   1995) and citing Parish v. Frazier, 195 F.3d 761, 764 (5th Cir. 1999); Somascan, Inc. v. Philips

9   Med. Systems Nederland, B.V., 714 F.3d 62, 64 (1st Cir. 2013)).

10          Plaintiff's argument that he did not have 100 pages of medical records is unavailing

11   because plaintiff was present during the medical treatment and has access to his medical records

12   at the prison.  Although defendants provided plaintiff with copies of his medical records, they

13   were not required to do so.  Moreover, plaintiff concedes that he "has a vivid recollection of his

14   various medical encounters with the defendants, as well as his physical condition."  (ECF No. 34

15   at 2.)  Plaintiff fails to provide legal authority to support his claim that the doctors' declarations

16   submitted in connection with the motion for summary judgment constitutes "newly discovered

17   evidence" that justifies allowing him to amend at this stage of the proceedings.

18          Plaintiff was facing a summary judgment motion when he filed his motion for leave to

19   amend and seeks to add additional factual allegations that may require new or additional

20   discovery, perhaps re-opening plaintiff's deposition.  However, the record does not contain any

21   other evidence of bad faith.  Therefore, this factor slightly favors denying leave to amend.

22          *Prejudice*

23          The second factor, prejudice to defendants, is the most important of the four factors, and

24   weighs against granting leave to amend.

25          The nonmoving party is prejudiced when granting leave to amend would result in a need

26   to reopen the discovery period and the period to file dispositive motions, or when dispositive

27   motions already have been decided.  See Jackson v. Bank of Hawaii, 902 F.2d 1385, 1388 (9th

28   Cir. 1990) ("Putting the defendants through the time and expense of continued litigation on a new

1    theory, with the possibility of additional discovery, would be manifestly unfair and unduly

2    prejudicial.") (quoting Priddy v. Edelman, 883 F.2d 438, 447 (6th Cir. 1989)); Campbell v.

3    Emory Clinic, 166 F.3d 1157, 1162 (11th Cir. 1999) ("Prejudice and undue delay are inherent in

4    an amendment asserted after the close of discovery and after dispositive motions have been filed,

5    briefed, and decided."); Acri v. International Ass'n of Machinists & Aerospace Workers, 781

6    F.2d 1393, 1398-99 (9th Cit. 1986) (affirming the denial of leave to amend and holding that the

7    district court did not abuse its discretion in concluding that allowing amendment would prejudice

8    the defendant because of the necessity for further discovery); see also Bassani v. Sutton, 430 Fed.

9    App'x 596, 597 (9th Cir. 2011) (holding that "the district court's ultimate conclusions -- that there

10   would be undue delay and prejudice to the defendants if [the plaintiff] were allowed to amend his

11   complaint two years into litigation and after the close of discovery -- were not an abuse of

12   discretion").

13          Here, defendants will be prejudiced if plaintiff is granted leave to amend because plaintiff

14   has already been deposed, discovery is closed, and defendants have filed a substantive motion for

15   summary judgment, complete with four declarations by medical doctors, one of which is a

16   nonparty expert witness.  Although plaintiff appears to argue that defendants could simply

17   address plaintiff's additional factual allegations in a reply to his opposition to the pending motion

18   for summary judgment, plaintiff is mistaken.  Once an amended complaint is filed, a new

19   responsive pleading is required.  If defendants' pleading is a motion to dismiss, and the case

20   survives dismissal, an answer is required.  Then, defendants will prepare a second motion for

21   summary judgment, again requiring declarations by medical professionals and an expert witness.

22   In addition to adding to defense counsel's workload, it increases defendants' expenses, essentially

23   doubling them for the same case.  Thus, granting plaintiff leave to amend at this stage of the

24   proceedings would prejudice defendants.

25          *Undue Delay*

26          Similarly, the third factor, undue delay, weighs against granting plaintiff leave to amend.

27   Plaintiff did not file the motion to amend until after discovery closed and defendants filed their

28   motion for summary judgment.

1   Courts have found undue delay weighing against granting leave to amend where a motion

2   for leave to amend is filed near or after the close of discovery.  See Zivkovic v. S. Cal. Edison

3   Co., 302 F.3d 1080, 1087 (9th Cir. 2002) (affirming the district court's denial of a motion for

4   leave to amend filed five days before the close of discovery where the additional claims would

5   have required additional discovery, delaying proceedings and prejudicing defendants); Lockheed

6   Martin Corp., 194 F.3d at 986 ("A need to reopen discovery and therefore delay the proceedings

7   supports a district court's finding of prejudice from a delayed motion to amend the complaint.");

8   Solomon v. N. Am., Life & Cas. Ins. Co., 151 F.3d 1132, 1134, 1139 (9th Cir. 1998) (affirming

9   the denial of a motion for leave to amend that was filed "on the eve of the discovery deadline"

10   (two weeks before the close of discovery), where granting the motion "would have required re-

11   opening discovery, thus delaying the proceedings"); Schlacter-Jones v. General Tel., 936 F.2d

12   435, 443 (9th Cir. 1991) (stating that "[t]he timing of the motion [for leave to amend], after the

13   parties had conducted discovery and a pending summary judgment motion had been fully briefed,

14   weighs heavily against allowing leave" because "[a] motion for leave to amend is not a vehicle to

15   circumvent summary judgment"), overruled in part on other grounds by Cramer v. Consolidated

16   Freightways, Inc., 255 F.3d 683, 692 (9th Cir. 2001); see also AmerisourceBergen Corp., 465

17   F.3d at 957 (Tashima, J., dissenting) (noting that the Ninth Circuit has "often affirmed the denial

18   of leave to amend . . . when discovery had closed or was about to close").  Because plaintiff's

19   proposed amended complaint includes additional factual allegations not included in the original

20   complaint, defendants may need to reopen plaintiff's deposition or conduct further discovery into

21   such allegations.  Moreover, as set forth above, granting plaintiff leave to amend will delay

22   resolution of these proceedings inasmuch as the case, first filed on March 20, 2015, would

23   essentially begin anew.

24   In addition, plaintiff is an experienced litigator in this court.  Plaintiff has filed multiple

25   cases in this court,[1] some of which involved complex procedural issues.  Witkin v. Yates, No.

26   ―――――――――――

27   [1]  A court may take judicial notice of court records.  See MGIC Indem. Co. v. Weisman, 803 F.2d
     500, 505 (9th Cir. 1986).  Proper subjects of judicial notice include "court filings and other
     matters of public record." Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th
28   Cir. 2006); United States v. Howard, 381 F.3d 873, 876 n.1 (9th Cir. 2004); Fed. R. Evid.

1   2:10-cv-0091 GEB DAD (E.D. Cal.).  Plaintiff concedes that when he received defendants'

2   motion, "most of [his] litigation time was being spent preparing discovery responses and

3   researching a potential settlement in Witkin v. Swarthout, 2:13-cv-1931 GEB KJN (E.D. Cal.).

4   (ECF No. 33 at 6.)  Moreover, when the undersigned issued the September 15, 2015 discovery

5   and scheduling order herein, plaintiff concedes he "was using most of [his] litigation time to

6   complete a certiorari petition in Witkin v. Frauenheim, No. 15-7172 (2015),[2] which he completed

7   on November 18, 2015.  (ECF No. 33 at 6.)  Thus, it appears that plaintiff's attention to this case

8   has been unduly delayed by his focus on his other cases.  Plaintiff is required to diligently

9   prosecute all of his actions.

10      Plaintiff argues that the case is "not that old," he has not yet amended his pleading, and

11   that requesting leave to amend in response to a pending motion for summary judgment is "far

12   from an unusual or unprecedented response," citing Heinemann v. Satterberg, 731 F.3d 914, 918

13   (9th Cir. 2013) ("[H]e could have responded to the summary judgment motion by asking for leave

14   to amend his complaint.")  (ECF No. 38 at 4.)  Certainly, plaintiff was permitted to move to

15   amend following the filing of a motion for summary judgment, but whether such motion should

16   be granted hinges on the balancing of the four factors evaluated here, not on whether the case is

17   of a certain age or whether plaintiff has not previously amended his pleading.

18      *Futility*

19      The fourth factor, futility, weighs in support of granting leave to amend.

20      Plaintiff argues that his amended complaint is not futile because it contains "new facts,

21   predicated on substantial new evidence introduced by the defendants, which plaintiff can prove,"

22   citing Miller v. Rykoff-Sexton, Inc., 845 F.2d 209, 214 (9th Cir. 1988) ("[A] proposed

23   amendment is futile only if no set of facts can be proved . . . that would constitute a valid and

24   sufficient claim."), abrogated by Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (proper pleading

25   201(b)(2).

26   
27   [2]  The Supreme Court website confirms that plaintiff applied for an extension of time to file the
     petition on October 13, 2015.  www.supremecourt.gov (accessed November 23, 2016).  Plaintiff
     filed his petition for a writ of certiorari on November 19, 2015, and a petition for rehearing on
28   March 24, 2016.  Both petitions were denied.  Id.

9

1    standard is now plausibility).  (ECF No. 38 at 4.)  Defendants counter that amendment is futile

2    because the amended complaint does not add any new allegations or defendants, but merely

3    enhances factual allegations and adds exhibits, all of which can be used by plaintiff to oppose

4    defendants' motion for summary judgment.

5        Plaintiff does not articulate the specifics of the alleged "new evidence," other than to

6    claim that the declarations provided by defendants in support of their motion introduced such

7    "new evidence."   However, plaintiff's proposed amended complaint does not raise new claims

8    that are not cognizable, but rather raises the same cognizable Eighth Amendment claims against

9    the same defendants.  His claims are not implausible.  Thus, it would not be futile for plaintiff to

10   amend, and the fourth factor weighs in favor of granting leave to amend.

11       E.  Conclusion

12       For the reasons stated above, three of the four factors, including undue prejudice, the most

13   important one, favor denying plaintiff leave to amend.  Therefore, plaintiff's motion for leave to

14   amend should be denied.

15   III.  Rule 56(d) Motion

16       A.  The Parties' Arguments

17       Plaintiff argues that defendants' motion for summary judgment "introduced a substantial

18   amount of new evidence, much of which is scientific and technical," including Dr. Barnett's

19   expert declaration, defendants' declarations, and over 100 pages of medical records plaintiff

20   claims he had not seen prior to receiving the motion.  (ECF No. 33 at 1.)  Plaintiff contends that

21   without the additional discovery, plaintiff cannot introduce facts to demonstrate that defendants'

22   course of treatment "was medically unacceptable under the circumstances."  (ECF No. 33 at 2.)

23       Plaintiff contends that his pro se complaint is too general, precluding defendants' expert

24   from applying his medical expertise to the "specific facts concerning plaintiff's physical

25   condition and symptoms" throughout plaintiff's medical treatment.  (ECF No. 33 at 3.)  Plaintiff

26   argues that because Dr. Barnett has not personally examined plaintiff, his opinion lacks relevance.

27   Plaintiff contends that the testimony he seeks from Dr. Barnett would show that defendants

28   repeatedly chose a course of treatment that was medically unacceptable, and would adduce facts

10

1   to show defendants consciously disregarded a substantial risk of serious harm to plaintiff.  (ECF

2   No. 33 at 3.)  In his accompanying declaration, plaintiff avers that he is employed as a building

3   porter, working 35 hours a week, and is enrolled in one college course, three units, for which he

4   prepares 6 to 10 hours a week.  Plaintiff states he has 12-18 hours a week to work on litigation,

5   including attending law library.  Plaintiff admits that when he received the motion for summary

6   judgment, he was spending most of his litigation time working on Witkin v. Swarthout, No. 2:13-

7   cv-1931 GEB KJN (E.D. Cal.).  (ECF No. 33 at 6.)  When the September 15, 2015 discovery and

8   scheduling order issued, plaintiff concedes he was using most of his litigation time on Witkin v.

9   Frauenheim, No. 15-7172 (2015), which he did not complete until November 18, 2015.  (ECF No.

10   33 at 6.)  Plaintiff states that he "diligently pursued discovery," but his lack of medical expertise

11   made it difficult to determine what additional discovery was needed.  (Id.)  Plaintiff declares that

12   he has "personally lived through the lumbar spinal injury discussed in the complaint," and has

13   read and reviewed a number of medical texts on the subject, and those experiences serve as a

14   basis for [his] positions," but knows he is not a doctor and is unable to opine on medical issues

15   based on scientific, technical, or other specialized knowledge."  (ECF No. 33 at 7.)

16        Plaintiff provides a list of 23 proposed written questions to Dr. Barnett.  (ECF No. 33 at 7-

17   14.)  Plaintiff provides ten additional written questions (total) for defendants Lotersztain, Pfile,

18   and Kuersten (ECF No. 33 at 14-15.)

19        Defendants oppose plaintiff's request, noting that plaintiff waited two months before

20   propounding any discovery, and did not seek to modify the discovery and scheduling order, but

21   waited until four months after discovery closed.  Defendants argue that plaintiff provided no

22   factual basis as to why he could not have presented his questions earlier, or how responses to

23   those questions would help his case.  Defendants contend that they provided plaintiff with over

24   800 pages of medical records.  In addition, they argue they provided plaintiff with additional

25   medical records when received.  In any event, defendants contend plaintiff had the opportunity

26   and time to propound additional follow-up discovery, but failed to do so.

27        Defendants argue that plaintiff's request to submit written questions to Dr. Barnett should

28   be denied because Dr. Barnett is not a party.  In light of plaintiff's in forma pauperis status,

1    defendants argue that delaying the motion for Dr. Barnett's deposition would be futile, as it is

2    unclear whether he has the funds needed to take the deposition of Dr. Barnett.  However, if

3    plaintiff does have the funds, defendants suggest the "money would be better spent paying

4    plaintiff's restitution or the court fees in one of plaintiff's multiple cases."  (ECF No. 37 at 4.)  In

5    any event, defendants ask the court to require plaintiff to show that he can pay the associated

6    deposition fees before placing this matter on hold.  (ECF No. 37 at 5.)

7         In reply, plaintiff contends that defendants' opposition was untimely and therefore should

8    not be considered by the court.  Plaintiff denies that he had sufficient time to propound follow up

9    discovery because no discovery request could be served after November 5, 2015.  Plaintiff argues

10   that his failure to file a motion to modify the scheduling order is not relevant because his 56(d)

11   motion seeks discovery "specifically tailored to counter material factual assertions made by

12   defendants in support of their motion for summary judgment."  (ECF No. 41 at 2.)  Plaintiff

13   contends that his detailed statements after each proposed question explains how the answers

14   would preclude summary judgment.  Plaintiff claims that the latest medical record provided to

15   plaintiff, by the defendants in discovery, or by the institution, was dated June 12, 2015, but the

16   summary judgment motion included medical records up to March 2016.  (ECF No. 41 at 4, 9.)

17        Plaintiff argues that defendants' concession that he is entitled to depose Dr. Barnett

18   demonstrates that they concede plaintiff has made a proper showing under Rule 56(d).  (ECF No.

19   41 at 4.)  Plaintiff states that his theory of the case is that he herniated a lumbar spinal disc on

20   December 4, 2012, and the defendants disregarded, and repeatedly failed to acknowledge his

21   objective symptoms, which were medically unacceptable responses to his condition.  Plaintiff

22   claims that defendants' theory of the case is that plaintiff did not suffer from a herniated disc and

23   suffered no physical impairment for the 18 months from admission to CSP-SOL until some later

24   time.  (ECF No. 41 at 4, citing ECF No. 30-7 at 13, 15 (Dr. Barnett Decl.).)  Plaintiff claims that

25   there are "other people" who witnessed plaintiff's objective symptoms, and plaintiff can testify to

26   what he personally experienced.  Plaintiff argues he should not be denied the ability to obtain the

27   medical evidence sought simply because he is indigent, and contends that Dr. Barnett's report is

28   "full of obvious falsehoods," and believes that some of the doctor's conclusions "are either

1  grossly inept or intentionally falsified."  (ECF No. 41 at 5, 9.)

2          Plaintiff contends that defendants are in a "rush to judgment," and offers to proceed if the

3  medical questions proposed to Dr. Barnett "were answered by any doctor."  (ECF No. 41 at 6.)

4  Plaintiff asserts he would accept answers by any one of the three defendant doctors.  (Id.)  In the

5  alternative, plaintiff seeks a 90 day extension of time to locate a volunteer to cover Dr. Barnett's

6  expenses, if defendants provide plaintiff a fee schedule for both written and live depositions.

7  (ECF No. 41 at 6, 9.)  Plaintiff suggests an alternative would be for plaintiff to renew his motion

8  for appointment of an impartial expert.  (ECF No. 41 at 6.)

9          B.  Legal Standards

10          Rule 56(d) provides:

11              (d)  When  Facts  Are  Unavailable  to  the  Nonmovant.    If  a
                nonmovant shows by affidavit or declaration that, for specified
12              reasons, it cannot present facts essential to justify its opposition, the
                court may:
13
                (1) defer considering the motion or deny it;
14
                (2)  allow  time  to  obtain  affidavits  or  declarations  or  to  take
15              discovery; or

16              (3) issue any other appropriate order.

17  Fed. R. Civ. P. 56(d).  "A party requesting a continuance pursuant to Rule 56(f) must identify by

18  affidavit the specific facts that further discovery would reveal, and explain why those facts would

19  preclude summary judgment."  Tatum v. City & Cnty. of San Francisco, 441 F.3d 1090, 1100

20  (9th Cir. 2006).  Additionally, plaintiff must make some showing of diligence, that he sought the

21  requested information during the discovery period, or that there is good reason he has not been

22  able to obtain the information before now.  See Landmark Dev. Corp. v. Chambers Corp., 752

23  F.2d 369, 372 (9th Cir. 1985 ).

24          C.  Discussion

25          First, plaintiff's contention that defendants' opposition was untimely is unavailing.

26  Plaintiff filed his motion on May 3, 2016.  Under Local Rule 230(l), defendants had 21 days to

27  file an opposition, plus 3 days for mailing under Rule 6 of the Federal Rules of Civil Procedure;

28  thus, their opposition was due on or before May 27, 2016.  Defendants timely filed their

1   opposition on May 25, 2016.

2        Second, plaintiff seeks to reopen discovery to propound further interrogatories to the

3   doctor defendants.  However, plaintiff has not demonstrated diligence in seeking the requested

4   discovery.  On September 15, 2015, the court issued a discovery and scheduling order, which set

5   the deadline to complete discovery as January 4, 2016.  (ECF No. 17.)  Plaintiff did not seek to

6   extend the discovery deadline for any purpose.  Importantly, plaintiff waited until May of 2016

7   before seeking postponement of the motion for summary judgment.  As justification for his delay,

8   plaintiff claims he could not know what material factual assertions defendants would make in

9   their motion.  However, this case pertains to medical care provided at CSP-SOL from September

10   7, 2012, to February 4, 2015, by Dr. Lotersztain, and whether the remaining doctor defendants

11   should have taken action to obtain additional medical care for plaintiff in early 2014, based on his

12   administrative appeals.  Plaintiff was involved in the medical treatment or lack of treatment, and

13   had access to his own medical records, as well as the medical records provided by defendants.

14   Moreover, even if defendants failed to earlier provide plaintiff with more recent medical records,

15   he fails to demonstrate how medical records after June 12, 2015, to March 2016, would impact

16   incidents that took place years before.

17        Third, with respect to Dr. Barnett, defendants' expert witness, defendants are correct that

18   plaintiff may depose Dr. Barnett at plaintiff's expense.  However, plaintiff makes no showing that

19   he has sufficient funds to depose Dr. Barnett, and plaintiff cannot simply question nonparty Dr.

20   Barnett or depose Dr. Barnett at public expense, as the Court explained in its prior order.  (ECF

21   No. 27 at 4.)  However, if plaintiff can obtain financial assistance to subpoena Dr. Barnett, serve

22   the subpoena on Dr. Barnett, and pay Dr. Barnett's mileage, travel, and expert witness fees, as

23   well as the attendant court reporting fees, the court would postpone consideration of the motion

24   accordingly.  Defendants did not provide a projection for all of these costs.  Thus, plaintiff was

25   unable to determine whether he could marshal sufficient funds to depose Dr. Barnett.

26        Therefore, the parties are directed to meet and confer, either by phone or in person, on or

27   before January 17, 2017, so that defense counsel can provide plaintiff with a projection of all the

28   anticipated costs for the deposition of Dr. Barnett:  service of process fees to subpoena Dr.

Barnett; Dr. Barnett's mileage, travel, and expert witness fees; and court reporting fees. The parties shall discuss whether plaintiff has located a volunteer to cover such costs. If plaintiff can marshal sufficient funds for Dr. Barnett's deposition, and demonstrate proof of funds to defendants' satisfaction, plaintiff may subpoena Dr. Barnett for deposition at a date agreed upon by Dr. Barnett, plaintiff, and defense counsel. Of course, the parties are free to negotiate an alternative method, if appropriate and agreeable to both sides. On or before January 23, 2017, the parties shall file a status report advising whether or not Dr. Barnett will be deposed and if so, when.

In the meantime, plaintiff is relieved of his obligation to file an opposition to defendants' motion for summary judgment until further order of court. However, plaintiff is cautioned that if he cannot marshal the funds necessary to depose Dr. Barnett, the court may order him to file his opposition within fourteen days of any order by the district court adopting the instant findings and recommendations.[3]

IV.  Motion for Leave to File Surreply

Plaintiff filed a motion for leave to file a surreply to defense counsel's declaration filed on July 8, 2016. When a party has raised new arguments or presented new evidence in a reply to an opposition, the court may permit the other party to counter the new arguments or evidence. El Pollo Loco v. Hashim, 316 F.3d 1032, 1040-41 (9th Cir. 2003). Because defense counsel claimed that plaintiff failed to file an opposition to the motion for summary judgment, despite plaintiff having sought leave to defer ruling on the motion under Rule 56(d), plaintiff is entitled to respond. Plaintiff's motion to file a surreply is granted. The court has reviewed plaintiff's surreply, and finds that plaintiff properly filed a motion to defer ruling on the motion for summary judgment under Rule 56(d), and therefore he was not required to file an opposition until the court ruled on his request. Therefore, the undersigned strikes defendants' declaration in lieu of reply as improvidently filed, but declines to award sanctions.

---

[3]  Because plaintiff is not yet required to file a reply, the undersigned is not delaying the potential deposition of Dr. Barnett until the instant findings and recommendations are addressed by the district court.

Accordingly, IT IS HEREBY ORDERED that:

1.  Plaintiff's motion for leave to file a surreply (ECF No. 43) is granted;

2.  Defendants' declaration in lieu of reply (ECF No. 42) is stricken;

3.  The parties are directed to meet and confer, either by phone or in person, concerning the costs associated with Dr. Barnett's deposition, on or before January 17, 2017, as set forth above;

4.  On or before January 23, 2017, the parties shall file a joint status report, as set forth above; and

5.  Plaintiff's is relieved of his obligation to file an opposition to the pending motion for summary judgment until further order of court.

IT IS RECOMMENDED that:

1.  Plaintiff's motion to amend (ECF No. 34) be denied; and

2.  Plaintiff's motion under Rule 56(d) (ECF No. 33) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  December 22, 2016

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/witk0638.mta.dn