UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL AARON WITKIN,<br><br>Plaintiff,<br><br>v.<br><br>MARIANA LOTERSZTAIN, et al.,<br><br>Defendants. | No.  2:15-cv-0638 MCE KJN P<br><br><br><br>ORDER |

Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On December 22, 2016, the undersigned recommended that plaintiff's motion to amend be denied.  On February 16, 2017, plaintiff filed a motion for reconsideration of the findings and recommendations, addressed to the undersigned, pursuant to Local Rule 230(j)(3).  Defendants filed a timely opposition to plaintiff's request for reconsideration.[1]

---

[1] On March 10, 2017, defendants filed a motion for extension of time to oppose the motion for reconsideration, along with their proposed opposition.  Defendants argued that their opposition was filed one day late, and asked the court to grant a one day extension of time *nunc pro tunc*.  Under Local Rule 230(l), oppositions to motions brought by prisoners are due 21 days after the motion is served.  Here, plaintiff's motion for reconsideration was served by the U.S. mail on February 14, 2017; therefore, the opposition was due March 7, 2017.  However, because plaintiff mailed the motion, defendants receive an additional three days for mailing.  Fed. R. Civ. P. 6(d).

1

    (j) **Applications for Reconsideration**. Whenever any motion has been granted or denied in whole or in part, and a subsequent motion for reconsideration is made upon the same or any alleged different set of facts, counsel shall present to the Judge or Magistrate Judge to whom such subsequent motion is made an affidavit or brief, as appropriate, setting forth the material facts and circumstances surrounding each motion for which reconsideration is sought, including:

    (1) when and to what Judge or Magistrate Judge the prior motion was made;

    (2) what ruling, decision, or order was made thereon;

    (3) what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion; and

    (4) why the facts or circumstances were not shown at the time of the prior motion.

Local Rule 230(j).

  Plaintiff argues that in light of the court's order denying, without prejudice, defendants' motion for summary judgment, any prejudice defendants would suffer as a result of plaintiff amending his complaint, for the first time, is resolved, and asks the court to recommend that his motion to amend be granted. Plaintiff contends that the court's observation that the motion for summary judgment may need to be revised in light of Dr. Barnett's deposition is "consistent with plaintiff's argument" that defendants' motion was "frivolous and unjustified." (ECF No. 55 at 2.) Plaintiff argues that the dismissal of the summary judgment motion "has completely cured any prejudice the defendants would suffer as a result of plaintiff amending his complaint." (Id.)

  Plaintiff contends that by contrast, he is "suffering ongoing prejudice" because his original complaint was written while he was in "significant physical pain, angry and frustrated," and "was not properly researched and full of pleading errors." (ECF No. 55 at 2.)

  Defendants oppose on the grounds that the motion is premature because the findings and recommendations have not yet been addressed by the district court. In any event, defendants

---

Thus, their opposition was due on March 10, 2017. Because their opposition was filed on March 10, it was timely-filed, and the motion for extension of time is unnecessary, and is denied as moot.

argue that the court did not err in denying plaintiff's motion to amend.  (ECF No. 58 at 4-9.)

The undersigned finds that plaintiff fails to identify new or different facts or circumstances that address the merits of plaintiff's motion to amend that did not exist when the undersigned issued the findings and recommendations.  Rather, he relies on the February 6, 2017 order denying the motion for summary judgment.  However, such order was without prejudice to defendants re-filing or re-noticing their motion within 14 days from Dr. Barnett's deposition, and made no ruling on the merits of the motion.  Contrary to plaintiff's belief, the order did <u>not</u> find the motion was "frivolous and unjustified."  (ECF No. 53.)  Indeed, the order stated that "[i]t is unclear whether defendants will need to revise their pending motion for summary judgment in light of Dr. Barnett's deposition," and noted "the deposition may impact plaintiff's opposition."  (ECF No. 53 at 1-2.)  The undersigned does not view the denial of the motion for summary judgment to have any impact on the motion to amend.

Finally, the undersigned disagrees that the denial of the summary judgment "completely cured any prejudice" defendants would suffer as a result of allowing plaintiff to amend.  Plaintiff fails to explain how this order would ameliorate the undue delay and prejudice defendants would sustain if plaintiff amended the complaint at this stage of the proceedings.

Accordingly, the undersigned declines to reconsider the findings and recommendations, which are pending before the district court.

IT IS HEREBY ORDERED that:

1. Defendants' motion for extension of time (ECF No. 59) is denied as moot; and

2. Plaintiff's motion for reconsideration by the undersigned (ECF No. 55) is denied.

Dated:  March 17, 2017

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/witk0638.rec